STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1786
     Facsimile: (213) 894-0141
     E-mail:    ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>THADDEUS J. CULPEPPER,<br><br>            Defendant. | No. CR 18-685-CJC<br><br>REVISED PLEA AGREEMENT FOR DEFENDANT THADDEUS J. CULPEPPER |

1. This constitutes the revised plea agreement between THADDEUS J. CULPEPPER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts Twenty-Five and Forty-Two of the Indictment in United States v. Thaddeus

Culpepper, CR No. 18-658-CJC, which charge defendant with Theft of Government Property, in violation of 18 U.S.C. § 641 (Count Twenty-Five), and Passing U.S. Treasury Checks Bearing Forged Endorsements, in violation of 18 U.S.C. § 510(a)(2) (Count Forty-Two).

      b. Not contest the Factual Basis agreed to in this agreement.

      c. Abide by all agreements regarding sentencing contained in this agreement.

      d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

      a. Not contest the Factual Basis agreed to in this agreement.

      b. Abide by all agreements regarding sentencing contained in this agreement.

      c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

　　　　d.　At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

　　　　e.　Recommend that defendant be sentenced to a term of imprisonment on all counts of conviction of no more than time served, as calculated by the Bureau of Prisons.

## NATURE OF THE OFFENSES

4.　Defendant understands that for defendant to be guilty of the crime charged in Count Twenty-Five, that is, Theft of Government Property, in violation of Title 18, United States Code, Section 641, the following must be true: (1) defendant knowingly stole, purloined, or converted to his own use property with the intention of depriving the owner of the use or benefit of the property; (2) the property belonged to the United States; and (3) the value of the property was more than $1,000.

5.　Defendant understands that for defendant to be guilty of the crime charged in Count Forty-Two, that is, Passing U.S. Treasury Checks Bearing Forged Endorsements, in violation of Title 18, United States Code, Section 510(a)(2), the following must be true: (1) defendant passed, uttered, published or attempted to pass, utter, or publish a Treasury check of the United States which bore a falsely

3

made or forged endorsement or signature; and (2) defendant did so with intent to defraud.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 641, is: 10 years of imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 510(a)(2) is: 10 years of imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between April 2015 and August 2017, defendant was an attorney licensed to practice law in California and he opened three different client trust accounts at three different banks into which he deposited at least 17 Internal Revenue Service tax refund checks, issued as U.S. Treasury checks in names other than defendant's, totaling approximately $1.3 million.

On April 14, 2015, defendant opened a business checking account in the name "THADDEUS J. CULPEPPER, Client Trust Account," at a Chase Bank branch (the "Chase Account").  The same day, defendant deposited $271,787.33 into the Chase Account in the form of four U.S. Treasury checks: (a) U.S. Treasury check number 403434042668 made payable to J.C.B. and M.B.B. in the amount of $199,065.00; (b) U.S. Treasury check number 403434266401 made payable to R.M.G. and N.A.G. in the amount of $12,966.00; (c) U.S. Treasury check number 403434266429 made payable to K.M.J. in the amount of $44,756.33; and (d) U.S. Treasury check number 403434266416, made payable to M.W.G., in the amount of $15,000.

On October 1, 2015, defendant opened a business checking account in the name "THADDEUS J. CULPEPPER, DBA Culpepper Law Groupe, Attorney Trust," at a Citibank branch (the "Citibank Account").  In or around October 2015, defendant received several U.S. Treasury checks from Individual 1, and agreed to deposit the U.S. Treasury

checks into his Citibank Account and thereafter share proceeds with Individual 1.  Defendant knew that the payees of the U.S. Treasury checks did not authorize defendant to deposit those funds.  Between October 9, 2015 and November 24, 2015, defendant deposited the following U.S. Treasury checks into the Citibank Account:

| Deposit Date | Check No. | Payee(s) | Amount |
|---|---|---|---|
| 10/09/2015 | 403437217674 | J.H.L & M.L | $6,092.00 |
| 10/09/2015 | 403450936316 | G.B.P. | $3,429.00 |
| 10/15/2015 | 403459318679 | B.M.R. | $6,658.00 |
| 10/26/2015 | 403445788080 | M.R.N. | $1,682.00 |
| 10/26/2015 | 403446638394 | L.R. | $1,363.50 |
| 10/26/2015 | 403455490784 | D.L. | $3,930.00 |
| 10/30/2015 | 403439244004 | A.M.R. | $4,305.00 |
| 11/05/2015 | 403446638369 | L.D. | $1,025.00 |
| 11/05/2015 | 403446638458 | J.Z.R. | $1,043.00 |
| 11/10/2015 | 403441370264 | J.R. | $1,183.00 |
| 11/16/2015 | 403441961888 | N.C. | $1,026.40 |
| 11/24/2015 | 403439850477 | R.Z. | $1,132.00 |

On October 14, 2015, defendant issued a check from the Citibank Account to Individual 1 in the amount of $6,000.  On October 23, 2015, defendant issued another check to Individual 1 from the Citibank Account in the amount of $7,934.

On September 10, 2016, defendant opened a business checking account in the name "THADDEUS J. CULPEPPER, OBA Thaddeus J. Culpepper CA IOLTA [Interest on Lawyers Trust Account]," at Wells Fargo Bank branch (the "Wells Fargo Account").  On August 21, 2017, defendant deposited U.S. Treasury check number 403805205788 made payable to

T.G. and M.K.G. in the amount of $1,003,814, into his Wells Fargo Account at the Wells Fargo branch at 350 W. Colorado Boulevard, Pasadena, California 91105.  At the time he made the deposit, defendant knew that the payees of the check did not authorize defendant to deposit those funds.  In addition, at the time of the deposit, defendant knew he had no authority to possess and use the name, address, and signature of M.K.G., a real person and one of the actual payees of the U.S. Treasury check.  Nonetheless, defendant proceeded to pass the U.S. Treasury check which bore a forged and falsely made endorsement with the intent to defraud.

On August 22, 2017, defendant made an online transfer from the Wells Fargo Account to account "Culpepper T Checking xxxxxx8674" in the amount of $100.  On August 23, 2017, defendant made two outgoing wire transfers totaling $1,000,000 from the Wells Fargo Account, in the amount of $425,000 to a Citibank account ending in 5164, and $575,000 to a J.P. Morgan Chase Bank account ending in 3232.  The same day, on August 23, 2017, defendant made an online transfer from the Wells Fargo Account to account "Culpepper T Checking xxxxxx8674" in the amount of $600.

### SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(1) |
| >$550,000 Loss: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| >10 Victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 19 and the criminal history category calculated by the

10

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute

11

of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare

a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

13

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's counsel, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's counsel, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

*/s/ Ali Moghaddas*                                     9/9/22
ALI MOGHADDAS                                           Date
Assistant United States Attorney

*/s/*                                                   9/9/22
THADDEUS J. CULPEPPER                                   Date
Defendant

*/s/*                                                   9/9/22
JESSICA C. MUNK                                         Date
Counsel for Defendant
THADDEUS J. CULPEPPER

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my counsel. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my counsel, and we have discussed my rights, possible pretrial motions that might be filed, possible defenses that might be asserted either prior to or at trial, the sentencing factors set forth in 18 U.S.C. § 3553(a), relevant

Sentencing Guidelines provisions, and the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____   9/9/22
THADDEUS J. CULPEPPER            Date
Defendant

## CERTIFICATION OF DEFENDANT'S COUNSEL

I am THADDEUS J. CULPEPPER's counsel. I have carefully and thoroughly discussed every part of this agreement with defendant. Further, we have fully discussed his rights, possible pretrial motions that might be filed, possible defenses that might be asserted either prior to or at trial, the sentencing factors set forth in 18 U.S.C. § 3553(a), relevant Sentencing Guidelines provisions, and the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to defendant other than those contained in this agreement; no one has threatened or forced him in any way to enter into this agreement; his decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support his entry of guilty pleas pursuant to this agreement.

_____        9/9/22
JESSICA C. MUNK                          Date
Counsel for Defendant
THADDEUS J. CULPEPPER